ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XII

| | | |
|---|---|---|
| CSCG, INC.<br><br>**RECURRENTE**<br><br>v.<br><br>MUNICIPIO DE ISABELA<br><br>**RECURRIDA**<br><br>MJO BUILDERS, LLC<br><br>**LICITADOR AGRACIADO** | KLRA202400461 | Revisión administrativa procedente de la Junta de Subastas del Municipio de Isabela<br><br>Caso Núm. SP-2024-13-A<br><br>Sobre: IMPUGACIÓN DE ADJUDICACIÓN DE SUBASTA |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa, la Jueza Rivera Pérez y la Jueza Díaz Rivera.

Grana Martínez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 17 de octubre de 2024.

La recurrente, CSCG Inc., solicita que revoquemos la adjudicación de subasta realizada por la Junta de Subasta del Municipio de Isabela.

El recurrido, Municipio de Isabela, presentó su oposición al recurso.

**I**

El Municipio de Isabela publicó un Aviso de Subasta en el que convocó a los licitadores interesados a hacer sus propuestas para la construcción de la Plaza de Veteranos. Los requisitos de subasta se entregaron a cada uno de los licitadores en un USB.

Los señores Héctor R. Pomales y Víctor J. García comparecieron a la pre-subasta en representación de la recurrente. Durante la subasta participaron: (1) CSCG Inc. con una propuesta de $2,189.000.00, (2) Punta Borinquen Precast Corp. con una propuesta de $2,292.000.00 y (3) MJO Builders LLC cuya propuesta fue de $2,485.000.00.

La Junta de Subasta notificó a los licitadores participantes que la subasta se adjudicó a MJO Builders LLC. La notificación incluyó el nombre de los licitadores participantes, una síntesis de sus propuestas, los criterios de evaluación y para no adjudicar. Los licitadores fueron informados que la subasta se adjudicó a MJO Builders LLC., porque cumplió con la documentación requerida, hizo la mejor oferta económica entre los licitadores que cumplieron con los requisitos de subasta y está de otra forma cualificado y es elegible para recibir una adjudicación de conformidad con las leyes y reglamentos aplicables. La recurrente fue informada que la subasta no se adjudicó a su favor, porque no entregó los dos estados financieros auditados de los últimos dos años requeridos como compulsorios en la reunión de pre-subasta. Punta Borinquen Precast Corp. fue informada que la subasta no se adjudicó a su favor porque entregó un solo estado financiero auditado.

La recurrente presentó este recurso en el que alega que:

ERRÓ LA JUNTA DE SUBASTAS AL ADJUDICAR A UN POSTOR QUE NO ES EL MÁS BAJO POR ALEGADAMENTE LA RECURRENTE INCUMPLIR CON UN REQUISITO QUE NO FORMÓ PARTE DEL PLIEGO DE SUBASTAS.

**II**

Las subastas municipales están reguladas por la Ley 107 de 2020 conocida como Código Municipal de Puerto Rico, 21 LPRA sec. 7001 et seq. La Junta de Subasta Municipal entenderá y adjudicará todas las subastas requeridas, según lo dispuesto en el Art. 2.040, 21 LPRA sec. 7216. La subasta se adjudicará a favor del postor razonablemente más bajo cuando se trate de compras, construcciones o suministros de servicio. No obstante, podrá adjudicarse a un postor que no sea necesariamente el más bajo, si es en beneficio del interés público. Las razones aludidas como beneficiosas para el interés público deben constar por escrito. La Junta adjudicará la subasta tomando consideración: (1) que las

propuestas cumplan con las especificaciones, (2) los términos de entrega, (3) la habilidad del postor para realizar y cumplir con el contrato, (4) la responsabilidad económica del licitador, (5) su reputación e integridad comercial, (6) la calidad del equipo, producto o servicio y (7) cualesquiera otras consideraciones que se hayan incluido en el pliego de subasta. La notificación de la adjudicación se enviará a todos los licitadores participantes por correo certificado con acuse de recibo o mediante correo electrónico si fue provisto. La Junta notificará a los licitadores no agraciados las razones por las cuales no se les adjudicó la subasta. Toda adjudicación tendrá que notificarse a cada uno de los licitadores apercibiéndolos del término jurisdiccional de diez (10) días para solicitar revisión judicial al Tribunal de Apelaciones. Art. 2.040 (a), *supra.*

Por su parte, en el Capítulo VIII, Parte II, Sección 13 del Reglamento para la Administración Municipal, Reglamento Núm. 8873 de 19 de diciembre de 2016 se establece que la subasta de adquisición, construcción y suministro de servicios no profesionales se adjudicará a favor del licitador con un buen historial de capacidad y cumplimiento, quien, además, deberá: (1) cumplir con los requisitos y condiciones de los pliegos de especificaciones y (2) hacer la oferta más baja en precio. Aunque su oferta no sea la más baja puede prevalecer cuando la calidad o la garantía ofrecida supera a los demás licitadores o cuando es en beneficio del interés público. La Sección 13, al igual que el Código Municipal, establece que el Aviso de Adjudicación de Subasta debe notificarse por escrito y por correo certificado con acuse de recibo a todos los licitadores participantes y estar firmado por el presidente de la Junta. Los licitadores deberán ser informados de los factores considerados para adjudicar la subasta y las razones para no adjudicar a los licitadores perdidosos.

**III**

La recurrente cuestiona la adjudicación de la subasta a favor de MJO Builders LLC., porque alega que cumplió con todos los requerimientos y fue el licitador más bajo. No obstante, aduce que la Junta rechazó su propuesta porque no presentó unos documentos que sostiene que nunca le fueron requeridos. CSCG alega que en el USB no estaban incluido el requerimiento de los estados financieros de los últimos dos años y que en la pre-subasta tampoco se hizo esa exigencia.

El Municipio de Isabela sostiene que la exigencia de presentar los estados financieros de los últimos dos años está expresamente contenida en el inciso 6.1.6 en el documento titulado *Invitation for Bid for Veterans Plaza Construction Aution Under the Comunnity Development Block Grant Dsaster Recovery*. Según el Municipio, la recurrente reconoció en *Proposal for Bid* que recibió el *Invitation for Bid* y que leyó el inciso 6.16. El Municipio argumenta que los representantes de la recurrente acudieron a la pre-subasta, donde los licitadores fueron advertidos de la necesidad de cumplir con dicho requisito.

CSCG no tiene razón. El requisito que alega no fue incluido en el *Invitation for Bid* forma parte de los *Mandatory Requirements* (requisitos mandatorios). Según lo dispuesto en el inciso 6: *Bidders shall comply with the following Mandatory Requirements in order for their Bids to be evaluated on their cost aspects. **Mandatory Requirements will be evaluated as either "Pass" or "Fail"**. If the Bidder meets all Mandatory Requirements of this IFB, the Bid will "Pass" the Mandatory Requirements evaluation. If the Bid does not meet all Mandatory Requirements of this IFB, the Bill will "Fail" the Mandatory Requirements evaluation. **Failure to comply with all of the Mandatory Requirements of this IFB will result in the Bid being rejected by the** Municipality of Isabela.* (Énfasis suplido).

Véase, pág. 19 del apéndice de la oposición. La advertencia es clara, el incumplimiento con los requisitos mandatorios ocasiona el rechazo de la licitación.

El inciso 6.1.6 incluye como parte de los requisitos mandatorios lo siguiente:

> 6.16. **Financial Information:** The Bidder shall submit financial information sufficient to demonstrate that the Bidder has adequate financial resources to perform the Scope of work. The Bidder must include the following:
>
> ....
>
> - Year-end audited, reviewed or compiled financial statements for the most recent two years of operations issued by a Certified Public Accountant (CPA) and prepared in accordance with US Generally Accepted Accounting Principles (US GAAP). The financial statements must include Balance Sheet, Statement of Operations, Statement of Cash Flows, and notes to the financial statements.

Véase, págs. 20-21 del apéndice de la recurrida.

La recurrente niega rotundamente que la Junta le informó la necesidad de presentar sus estados financieros de los últimos dos años. No obstante, su credibilidad está en entredicho, porque el 24 de junio de 2024, su representante autorizado, Víctor J. García Ruiz, firmó el documento titulado Bid Checklist. Véase, pág. 9 del apéndice del recurso. Según consta en ese documento:

> Submitted Bids shall incorporate the following documents in the order provided and all forms must be property executed as per the requirements of the IFB. The Municipality of **Isabela** reserves the right to reject any Bid that does not fully satisfy these requirements. Bidder shall mark its initials in the space provided bellow to indicate its compliance with the Checklist's requirements.

El Bid Checklist incluyó una descripción de los documentos requeridos. El sexto en la lista es Financial Information, Refer to section 6.1.6. Las iniciales del representante de la recurrente están en ese inciso y su firma al final del documento que tiene el sello de CSCG. Véase, pág. 9 de apéndice del recurso.

Los señores Víctor García y Héctor R. Pomares comparecieron a la pre-subasta en representación de la recurrente. Durante la pre-subasta, el miembro de la Junta, Javier Gutiérrez, informó a los licitadores presentes que la presentación de los Estados Financieros auditados de los últimos dos años era compulsorio. Véase, pág. 29 del apéndice de oposición.

El Municipio presentó la declaración jurada de la señora Doris Nilda Pardo Milián. El 30 de agosto de 2024, la señora Pardo declaró que transcribió la grabación del proceso de subasta realizado el 29 de mayo de 2024. La empleada municipal certificó que dicha transcripción contiene la totalidad de la grabación tomada en la pre-subasta. Véase, pág. 32 del apéndice de la oposición. Por su parte, la secretaria de la Junta de Subasta, la señora Glenda Morales Cruz, certificó que la minuta transcrita es de la pre-subasta del 29 de mayo de 2024, para la subasta identificada con el número SP2024.13-A, Mejoras a la Plaza de Veteranos. Véase, pág. 33 del apéndice oposición.

El incumplimiento de la recurrente con uno de los requisitos mandatorios de la subasta es más que evidente. No nos convence su alegado desconocimiento. La evidencia sustancial que obra en el expediente demostró que el *Invitation for Bid* incluyó la necesidad de presentar los estados financieros de los últimos dos años, como parte de los requisitos mandatorios. Los licitadores fueron advertidos que el incumplimiento de los requisitos mandatorios conllevaría el rechazo de su propuesta. El representante autorizado de la recurrente inició y firmó el Bid Checklist, donde consta la exigencia de presentar los estados financieros. Por si fuera poco, dos representantes de la recurrente asistieron a la pre-subasta, donde se advirtió a los licitadores que tenían que presentar los estados financieros de los últimos dos años.

Aunque la recurrente fue el licitador más bajo, su incumplimiento con un requisito mandatorio de la subasta conlleva el rechazo de su propuesta. El foro recurrido adjudicó la subasta al licitador más bajo que cumplió con todas las especificaciones de la subasta que resultó ser MJO Builders LLC.

**IV.**

Por los fundamentos antes expuestos, se confirma la resolución recurrida.

Lo acordó el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones